GEORGE FRESCHI, Appellant, *v.* JOHN SCOTT MOLONY, Respondent.

*Lease executed by one of two attorneys in fact signing his own name and that of his co-attorney — what evidence is competent for the purpose of discrediting the good faith of the transaction.*

Where the principal issue litigated in a summary proceeding to recover possession of real estate, purchased by the plaintiff from one Mrs. Cuccio, is whether a lease to the defendant, executed by one Purpura in the names of himself and the plaintiff, as attorneys in fact for Mrs. Cuccio, was valid, it is error for the court to refuse to allow the defendant, for the purpose of discrediting the good faith of the transaction, to be asked on cross-examination whether he had ever investigated Purpura's authority to execute the lease; whether he knew if such authority existed; whether he had ever seen any written authority, and whether at the time of the execution of the lease Purpura produced any written authority.

It is also error for the court to refuse to allow the plaintiff to ask Purpura whether Mrs. Cuccio ever saw the lease; whether a copy was forwarded to her by him; whether he ever communicated to her the fact that he executed such

a document; how long it was after its execution that she acquired knowledge of its existence; whether she had, to his knowledge, informed the defendant that she would not ratify it; how he came to sign the lease in Mrs. Cuccio's name, and whether the plaintiff was cognizant of that fact; when he first learned of it, and generally all the circumstances under which the lease was executed.

Appeal by the plaintiff, George Freschi, landlord, from a final order of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the defendant, made on the 15th day of August, 1901, dismissing summary proceedings instituted for the recovery of possession of real property.

*John J. Freschi,* for the appellant.

*Walter Thorn,* for the respondent.

Hirschberg, J.:

The real estate in question was purchased by the appellant in September, 1900, from Concetta Cuccio of Palermo, Italy. The respondent John Scott Molony was then in possession as tenant. The appellant testified that in October, 1900, he had a conversation with Molony resulting in an agreement that the latter should remain in possession as a tenant of the former from month to month. This conversation the respondent denied, and he placed in evidence a lease purporting to have been executed on behalf of Mrs. Cuccio, and by himself in April, 1900, leasing the premises for one year from May 1, 1900, with the privilege of a two years' renewal. The dismissal of the proceedings is assumed to have been based on this written lease.

The lease, however, was not signed by Mrs. Cuccio. It was signed in the names of George Freschi, the appellant, and D. Purpura, purporting to be attorneys for that purpose, both names being signed by the latter, the appellant's name being so signed without his authority, knowledge or consent. Mrs. Cuccio had executed a written power of attorney under seal to the appellant and Purpura, but it was not produced and no proof was made as to the nature and extent of the power conferred, or whether the same could be exercised by one of the attorneys alone. There was some evidence tending to show that Mrs. Cuccio repudiated the lease and that the respondent was informed of that fact in writing.

It is evident from what has been said that the lease was not suffi-ciently established. But aside from this fact there were errors in the rulings which would require a reversal. The amount of the monthly rent stipulated in the lease was the same as that stated by the appellant as having been orally agreed upon, and it is quite apparent that the production of the lease, if genuine and valid, was a powerful support to the respondent's denial of the oral agreement. The appellant was entitled to such evidence as he could furnish as might legitimately tend to discredit the lease, or to indicate a doubt on the part of the respondent as to its authenticity. The court, however, refused to permit the respondent to be asked on cross-examination whether he had ever investigated Mr. Purpura's authority to execute the lease, whether he knew if such authority existed, whether he had ever seen any written authority, and whether at the time of the execution of the lease Mr. Purpura produced any written authority, all which inquiries were proper for the purpose suggested, if for no other. The court also refused to permit the appellant to ask Mr. Purpura, the assumed attorney in fact by whom the lease was executed, whether Mrs. Cuccio ever saw it, whether a copy was forwarded to her by him, whether he ever communicated to her the fact that he had executed such a document, how long it was after its execution that she acquired knowledge of its existence, whether she had to his knowledge informed the respondent that she would not ratify it, how he came to sign the lease in Mrs. Cuccio's name, whether the appellant was cognizant of that act, when he first learned of it, and generally the facts and circumstances under which the lease was executed. These inquiries were all pertinent on the question, among others, of the good faith of the document, and the exceptions to their rejection were well taken.

It follows that the final order must be reversed and a new trial ordered.

GOODRICH, P. J., BARTLETT, WOODWARD and SEWELL, JJ., concurred.

Final order of the Municipal Court dismissing proceedings reversed, and proceedings remitted to said court for trial, costs to abide event.